## Beckman v. Continental Assurance Co.

*Henry S. Moore*, for plaintiff.

*David W. Ketler*, for defendant.

RODGERS, P. J., September 14, 1960.—This matter came before the court on a case stated in which the parties agreed that Mrs. Ruby Beckman was covered under an insurance policy written by defendant as a group policy covering employes of the Cooper-Bessemer Corporation in Grove City. It was agreed that she was admitted to the Spears Chiropractic Hospital of Denver, Colorado, and that if she is entitled to recover under this policy that she should receive a judgment in the amount of $935.

Two basic questions will be decided:

1. Is the Spears Chiropractic Hospital of Denver, Colorado, a hospital within the terms of the contract?

2. Was Mrs. Ruby Beckman's hospital confinement recommended and approved by a legally qualified physician or surgeon?

It was agreed that the court should also consider certain interrogatories and cross-interrogatories and from these we make the following additional findings of fact:

1. Chiropractic practitioners are not legally licensed to practice medicine within the terms of the contract.

2. The confinement of Ruby Beckman to Spears Chiropractic Hospital was recommended by Dr. L. E. Downs.

3. Dr. L. E. Downs is licensed to practice medicine by the Colorado Medical Board as an osteopathic physician.

4. Dr. Downs did not personally examine the body of Ruby Beckman but based his recommendation for her hospitalization on charts prepared by chiropractic

practitioners at Spears Chiropractic Hospital in Denver, Colorado.

5. The Spears Chiropractic Hospital of Denver, Colorado, is a hospital within the broad meaning of the word.

6. Under the terms of this contract the fact that the hospital was not equipped with an operating room does not refute its qualification as a hospital.

Is the fact that Dr. Downs recommended the admission of this patient without having seen her, fatal to her recovery in this case? My inclination would be to say yes, but I believe this would be more the nature of a visceral reaction than a legal one. We are able to conceive of many situations when a physician might make such a recommendation. That is, a doctor might recommend confinement to a hospital on the basis of examination of X-ray charts taken by nonmedically licensed personnel.

I believe that if we were in a court of equity where we have a broader power to do justice regardless of the technicalities of the law, we might hold otherwise on the effect of Dr. Downs' recommendation. This is not such a situation. It is not our prerogative to merely "do equity" in this matter; it is rather our duty to apply the law. I believe that Mrs. Beckman has met the conditions of her contract and is entitled to recover. It will be the responsibility of the insurance company to accept this claim and to take such precautions in the future as the situation may require.

### Order

And now, September 14, 1960, the prothonotary is directed to enter judgment for plaintiff in the amount of $935 with interest at six percent from the date of the judgment.

### Exception

And now, September 14, 1960, an exception is sealed to the above order for defendant.